UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONFORMIS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10420-IT |
| | * | |
| SMITH & NEWPHEW, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| SMITH & NEPHEW, INC., and KINAMED, INC., | * | |
| | * | |
| Counterplaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| CONFOMIS, INC., | * | |
| | * | |
| Counterdefendant. | * | |

ORDER

April 7, 2017

TALWANI, D.J.

Pending before this court is Defendant and Counterplaintiff Smith & Nephew's Motion to Stay Pending *Inter Partes* Review [#91], which Plaintiff and Counterdefendant ConforMIS opposes. See ConforMIS, Inc.'s Opp'n Mot. Stay Pending *Inter Partes* Review ("Opp'n Mot. Stay") [#95]. At the time of Smith & Nephew's motion to stay, the Patent Trial and Appeals Board ("PTAB") had not yet instituted *inter partes* review ("IPR") of any of Smith & Nephew's fourteen IPR petitions. Mem. Supp. Mot. Stay Pending *Inter Partes* Review 4-5 ("Mem. Supp. Mot. Stay") [#92].

On March 29, 2017, Smith & Nephew notified the court that the PTAB issued a Decision on Institution of *Inter Partes* Review, instituting *inter partes* review of all claims of the '953 patent. Smith & Nephew's Statement Suppl. Facts Regarding Smith & Nephew's Mot. Stay Pending *Inter Partes* Review Ex. 5, Decision on *Inter Partes* Review 2 [#123-1]. The parties have dismissed all claims here relating to the '953 patent, see Corrected Stipulation of Dismissal with Prejudice & Order [#111], but Smith & Nephew argues that a stay would nonetheless simplify the issues before the court because several of the '953 claims overlap with claims of the patents-in-suit. Mem. Supp. Mot. Stay 9-11 [#92]. ConforMIS counters that the '953 patent is not a patent-in-suit, and in any event, is not a "foundational patent," as it does not include many of the limitations set forth in the patents-in-suit. Opp'n Mot. Stay 6-8 [#95]. ConforMIS asserts further that the prior art on which Smith & Nephew relied in filing its IPR petition was disclosed to patent examiners during patent prosecution of the remaining patents-in-suit. Id.

Smith & Nephew requested oral argument in its original motion to stay, and continues to do so in its supplemental filings. See Response ConforMIS's Statement Suppl. Facts Regarding Smith & Nephew's Mot. Stay Pending Inter Partes Review [#109]; Smith & Nephew's Statement Suppl. Facts Regarding Smith & Nephew's Mot. Stay Pending Inter Partes Review [#123]. In light of the PTAB's institution of IPR of all claims of the '953 patent, the court finds that such argument may be helpful.

Accordingly, the court GRANTS Smith & Nephew's request for oral argument. The clerk shall vacate the hearing dates for the Technology Tutorial and Markman Hearing and set a hearing on the Motion to Stay Pending *Inter Partes* Review [#91] on the afternoon of May 3,

2017. The case is temporarily STAYED pending this court's decision on the <u>Motion to Stay Pending *Inter Partes* Review</u> [#91].

    IT IS SO ORDERED.

Date: April 7, 2017                                    /s/ Indira Talwani
                                                          United States District Judge